THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD GIBSON, Respondent, v. WILLIAM R. SHEFFIELD and Others, Directors of the Village of Saugerties, and Another, Appellants.

*Title to office — a person, seeking to compel others to recognize him as having been elected, to an office must prove himself to be duly elected.*

The relator, who received at an election, held in the village of Saugerties, the largest number of votes for the office of director in the first ward, and had been declared elected by the proper canvassing body and taken the oath of office, brought these proceedings to compel, by *mandamus*, the defendants, who are the other directors, to recognize him as a director and permit him to act with them.    The defendants claimed that the relator was not a lawful director, for the reason that he was not a resident or freeholder of the ward for which he was elected, as was required by the charter, and set up these facts in their answer.

*Held,* that an order granting a peremptory *mandamus*, compelling the directors to recognize the relator, should be reversed.

That the relator was required to prove that he was entitled to the office, which required him to prove both that he was elected and that he was a resident and freeholder of the ward, while the papers showed that he was neither a resident nor a freeholder.

*It seems,* that the relator would not have strengthened his case, even if he had shown any acquiescence in his claim on the part of the directors, as he claimed to be a public officer, and his right to be such did not depend on the acquiescence of private individuals but upon having been lawfully elected.    (Learned, P. J.)

Appeal from an order made at the Albany Special Term December 27, 1887, directing that a writ of peremptory *mandamus* issue, commanding the appellants to recognize and associate with the relator as a director of the board of directors of the village of Saugerties, and to permit him to take his seat in said board and act as a director of said village.   The motion for the writ was opposed on affidavits, upon the ground that the relator was not eligible to the office.

*Peter Cantine,* for the appellants.

*Carroll Whitaker,* for the respondent.

Learned, P. J.:

The village of Saugerties has a board of directors analagous to the boards of trustees in other villages.   The relator at a certain election

received the largest number of votes for the office of director in the First ward. The proper canvassing body declared him elected and he took the oath of office. The defendants, who are other directors, refuse to recognize him as a director or to permit him to act with them, claiming that he is not a lawful director for the reason that he was not a resident or freeholder of the ward for which he was elected. The charter requires that a director should be a resident and freeholder of the ward for which he is elected. Thereupon the relator brought these proceedings to compel by *mandamus* such recognition. And a peremptory *mandamus* to that effect was granted, from the order granting which the defendants appeal. The facts are set up in their answer to the petition ; and inasmuch as a peremptory *mandamus* was granted, these facts must be taken as true.

It is, of course, the general rule that title to an office can be tried only by *quo warranto*, brought by the State. For the doctrine is that only the State has the right to oust from office one who is in possession. But it is urged that this proceeding is not one to determine the relator's rights to the office, but is to enforce the recognition by others of the office he possesses. And it is urged by the relator that the defendants have no judicial authority to try and determine his rights to the office, and that they must accept such right, as determined by the canvassing body.

Here we must notice that the rule that acts of an officer *de facto* are good as to third persons is not important here. We are not aware that this rule is so extended that one who asserts that he is an officer, and who, by virtue of his office, claims some right against another, is excused from the necessity of proving his official character before he can have a judgment against another person. It is true that these defendants have no judicial authority to determine that the relator is or is not a director. But are they not authorized to call upon the court to decide that question, when the relator claims a judgment against them on the ground that he is a director ?

Even if we were to concede, for the sake of argument, that if the defendants had for a long time acknowledged the right of the relator by acting with him and the like, they might not then be at liberty to refuse him admission to their meetings, that would not determine the present question in the relator's favor. Because it is

evident that there has been here no acquiescence in his alleged title. It has been practically disputed from the outset by these defendants.

The relator, then, comes here admitting on the papers as they stand that he is disqualified from holding the office, and asking us to compel the defendants, notwithstanding this disqualification, to permit him to act. He claims a right, and to obtain that right he must prove that he is entitled to the office. To be entitled to the office requires election and residence and freeholding. One he has, the others, as the papers now are, he has not. Therefore he fails to establish his right.

We doubt very much whether the relator could strengthen his case by any acquiescence on the part of the defendants, if any such had existed. He claims to be a public officer and his right to be such, when he attempts to assert it, does not depend on the acquiescence of private individuals, but upon his having been lawfully elected. In this view, we think that a peremptory *mandamus* should not have been granted.

The matter of fact as to the relator's residence and ownership of land may be in doubt.. If the relator desires to have that matter determined before a final decision, he can have an alternative *mandamus*.

Order for peremptory *mandamus* reversed with fifty dollars costs against relator, on payment of which he may have leave to apply for an alternative *mandamus* if so desired.

LANDON and INGALLS, JJ., concurred.

Order reversed with fifty dollars costs without prejudice to motion for alternative *mandamus*, on payment of costs.